John D. Pernick (Bar No. 155468)
jpernick@be-law.com
BERGESON LLP
2033 Gateway Place, Suite 300
San Jose, CA  95110
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Jeffrey D. Shewchuk (Pro Hac Vice Pending)
jdshewchuk@comcast.net
SHEWCHUK IP SERVICES, LLC
3356 Sherman Ct. Ste. 102
Eagan, MN  55121
Telephone: (651)331-9558
Facsimile: (651)688-3348

Attorneys for Plaintiff
Jimenez Works, L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMENEZ WORKS, L.L.C. a Texas limited liability company<br><br>Plaintiff,<br><br>v.<br><br>IVAN OTSUKA, d/b/a HALL OF FAME JEWELRY,  a California individual<br><br>and<br><br>HALL OF FAME SERVICE, LLC, a California Limited Liability Company<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>   **(1) Design Patent Infringement (35 U.S.C. §§ 271 & 289)**<br>   **(2) Copyright Infringement (17 U.S.C. §§106 & 501)** |

COMPLAINT

For its Complaint herein, Plaintiff Jimenez Works, L.L.C. alleges as follows:

**PARTIES**

1. Plaintiff Jimenez Works, L.L.C. (hereinafter "Plaintiff Jimenez Works") is a limited liability company organized and existing under the laws of Texas having an address and principle place of business at 24A Lasalle Avenue, Suite A, Waco, Texas 76706.

2. Upon information and belief, Defendant Ivan Otsuka (hereinafter "Defendant Otsuka") is a California individual residing at 1722 G. Street, Apt. 10, Sacramento, California 95811.

3. Upon information and belief, Defendant Otsuka does business under an assumed name as Hall of Fame Jewelry, including operating the website at www.hofjewelry.com.

4. Defendant Hall of Fame Service, LLC (hereinafter "Defendant HoF") is a California limited liability company having an address and principle place of business at 1722 G. Street, Apt. 10, Sacramento, California 95811.

5. Defendant Otsuka is the managing member of Defendant HoF. Upon information and belief, Defendant Otsuka is the sole member of Defendant HoF.

6. Upon information and belief, each of the Defendants was the agent and/or alter ego of the other Defendant and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

**SUBJECT MATTER JURISDICTION**

7. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and particularly 35 U.S.C. §§ 271 and 289, and for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. and particularly 35 U.S.C. §§ 106 and 501.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**PERSONAL JURISDICTION AND VENUE**

9. Defendant Otsuka resides in this district Defendant HoF resides in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a) and (b).

**COUNT I – DESIGN PATENT INFRINGEMENT UNDER 35 U.S.C. 271 and 289**

Plaintiff Jimenez Works repeats and incorporates by reference the allegations of paragraphs 1-9 as though set forth fully and independently herein.

10. United States Patent No. D786,122 ("'122 Patent") was duly and legally issued by the United States Patent and Trademark Office on May 9, 2017 and is valid and subsisting and in full force and effect.

11. A true and correct copy of the '122 patent, which is incorporated herein by reference, is attached as Exhibit A to this Complaint.

12. By virtue of a written assignment from the inventors Adam Jimenez and Robert Jimenez, Plaintiff Jimenez Works is the owner of all right, title, and interest in the '122 patent.

13. During the term of the '122 patent, Defendants Otsuka and HoF have offered for sale and sold, at least at the websites www.hofjewelry.com, www/hof-jewelry.myshopify.com and www.instagram.com/hof_jewelry in the United States, the stacked bat cross pendants shown in Exhibit B to this Complaint ("Exhibit B infringing products"). At least at the website www/hof-jewelry.myshopify.com, Defendants Otsuka and HoF continue to do so.

14. A side-by-side comparison of the patented design of the '122 patent on the left and the Exhibit B infringing products is shown below.



FIG. 2

15. Defendants Otsuka and HoF were put on notice of the infringement at least by a letter from Plaintiff Jimenez Works received by Defendants Otsuka and HoF on May 15, 2017.

16. Defendants Otsuka and HoF continue to sell and offer for sale the Exhibit B infringing products after being put on notice of the infringement.

17. On information and belief, during the term of the '122 patent, Defendants Otsuka and HoF have made in the United States and/or imported into the United States the Exhibit B infringing products.

18. During the term of the '122 patent, Defendants Otsuka and HoF have offered for sale and sold, at least at the websites www.hofjewelry.com, www/hof-jewelry.myshopify.com and www.instagram.com/hof_jewelry in the United States, the stacked bat cross pendants shown in Exhibit C to this Complaint ("Exhibit C infringing products"), and continue to do so.

19. A side-by-side comparison of the patented design of the '122 patent on the left and the Exhibit C infringing products is shown below.



20. Upon information and belief, during the term of the '122 patent, Defendants Otsuka and HoF have made in the United States and/or imported into the United States the Exhibit C infringing products.

21. Defendants Otsuka and HoF have infringed and continue to infringe the '122 patent by, *inter alia*, making, using, offering to sell, or selling in the United States or importing into the United States products infringing the ornamental design covered by the '122 patent in violation of 35 U.S.C. §§ 271 and 289, including but not limited to the Exhibit B infringing products and the Exhibit C infringing products.

22. Defendants Otsuka's and HoF's infringement of the '122 patent has been willful, wanton, egregious, and with disregard of Plaintiff Jimenez Works' patent rights and will continue unabated unless enjoined by this Court.

23. Unless the future occurrence of these actions is enjoined, Plaintiff Jimenez Works will suffer irreparable injury for which there is no adequate remedy at law.

24. Plaintiff Jimenez Works is entitled to an award of Defendants' profits, damages caused by Defendants' actions, and the costs of this action under 35 USC §§ 284 and 289.

25. Because Defendants Otsuka and HoF's wrongful acts alleged herein are willful, this is an extraordinary case entitling Plaintiff Jimenez Works to treble damages and attorneys' fees under 35 USC §§ 284 and 285.

## COUNT II – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. 106 AND 501 OF SCULPTURAL WORK

Plaintiff Jimenez Works repeats and incorporates by reference the allegations of paragraphs 1-25 as though set forth fully and independently herein.

26. In or in about August of 2015, Adam Jimenez created the sculptural work of jewelry shown and detailed in Exhibit D to this Complaint, entitled "The Original Baseball Bat Cross". ("Copyrighted Sculptural Work").

27. The Copyrighted Sculptural Work is an original work of expression under 17 U.S.C. 102(a)(5). Copyright protection existed in the Copyrighted Sculptural Work from the moment it was fixed in a tangible medium of expression.

28. By virtue of written assignments, first from the author Adam Jimenez to FiveBaseballJewelry, LLC, d/b/a Five Tool Baseball ("FiveTool"), and then from FiveTool to Plaintiff Jimenez Works, Plaintiff Jimenez Works is the owner of all right, title, and interest in the Copyrighted Sculptural Work.

29. Plaintiff Jimenez Works' copyright in the Copyrighted Sculptural Work is valid and subsisting and in full force and effect.

30. Plaintiff Jimenez Works has filed for copyright registration in the Copyrighted Sculptural Work, Copyright Application Case No. 1-5532564311, with a print-out of the copyright registration application data shown in Exhibit E to this Complaint. Exhibit D is a copy of the deposit copy provided to the U.S. Copyright Office for Copyright Application Case No. 1-5532564311.

31. Images of the Copyrighted Sculptural Work were made publicly available by October 15, 2015 by posting such images on the internet at

https://www.instagram/fivetoolbaseballjewelry/, https://fivetool-baseball.com, and https://www.facebook.com/fivetoolbaseballjewelry/.

32. During the term of Plaintiff's copyright in the Copyrighted Sculptural Work, Defendants Otsuka and HoF reproduced, distributed and publicly displayed, at least at the websites www.hofjewelry.com, www/hof-jewelry.myshopify.com and www.instagram.com/hof_jewelry in the United States, the stacked bat cross pendants shown in Exhibit B to this Complaint ("Exhibit B infringing products").

33. A side-by-side comparison of the Copyrighted Sculptural Work on the left and the Exhibit B infringing products is shown below.



34. Prior to creation of the design for the Exhibit B infringing products, Defendants Otsuka and HoF had access to at least images of the Copyrighted Sculptural Work.

35. Defendants Otsuka and HoF were put on notice of the infringement at least by a letter received by Defendants Otsuka and HoF on or about August 2, 2016.

36. Defendants Otsuka and HoF continue to reproduce, distribute and publicly display the Exhibit B infringing products after being put on notice of the infringement.

37. During the term of Plaintiff's copyright in the Copyrighted Sculptural Work, Defendant Otsuka created derivative works of the Copyrighted Sculptural Work, including the stacked bat cross pendants shown in Exhibit C to this Complaint ("Exhibit C infringing products").

38. Upon information and belief, Defendant Otsuka's creation of derivative works occurred in the United States.

39. During the term of Plaintiff's copyright in the Copyrighted Sculptural Work, Defendants Otsuka and HoF reproduced, distributed and publicly displayed, at least at the websites www.hofjewelry.com, www/hof-jewelry.myshopify.com and www.instagram.com/hof_jewelry in the United States, the Exhibit C infringing products.

40. A side-by-side comparison of the Copyrighted Sculptural Work on the left and the Exhibit C infringing products is shown below.



41. Defendants Otsuka and HoF have infringed and continue to infringe Plaintiff's copyright in the Copyrighted Sculptural Work by, *inter alia*, reproducing, distributing, publicly displaying sculptural works which copy the Copyrighted Sculptural Work, and by creating derivative works in the United States of the Copyrighted Sculptural Work, in violation of 17 U.S.C. §§106 and 501, including but not limited to the Exhibit B infringing products and the Exhibit C infringing products.

42. Defendants Otsuka's and HoF's infringement of Plaintiff's copyright in the Copyrighted Sculptural Work has been willful, wanton, egregious, and with disregard of Plaintiff Jimenez Works' copyright rights and will continue unabated unless enjoined by this Court.

43. Unless the future occurrence of these actions is enjoined, Plaintiff Jimenez Works will suffer irreparable injury for which there is no adequate remedy at law.

44. Plaintiff Jimenez Works is entitled to an award of the actual damages suffered by Plaintiff as a result of the infringement, and any profits of the Defendants that are attributable to the infringement and are not taken into account in computing the actual damages, under 17 USC § 504(b).

45. Plaintiff Jimenez Works is entitled to an award of its full costs and reasonable attorneys' fees under 17 USC § 505.

**COUNT III – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. 106 AND 501 OF IN-GLOVE PHOTOGRAPHIC WORK**

Plaintiff Jimenez Works repeats and incorporates by reference the allegations of paragraphs 1-45 as though set forth fully and independently herein.

46. In or in about October of 2015, Adam Jimenez created the photographic work shown in Exhibit F to this Complaint, entitled "Glove, Ball and Baseball Bat Cross Picture"". ("Copyrighted In-Glove Photographic Work").

47. The Copyrighted In-Glove Photographic Work is an original work of expression under 17 U.S.C. 102(a)(5).  Copyright protection existed in the Copyrighted In-Glove Photographic Work from the moment it was fixed in a tangible medium of expression.

48.  By virtue of written assignments, from the author Adam Jimenez to Plaintiff Jimenez Works, Plaintiff Jimenez Works is the owner of all right, title, and interest in the Copyrighted Sculptural Work.

49. Plaintiff Jimenez Works' copyright in the Copyrighted In-Glove Photographic Work is valid and subsisting and in full force and effect.

50. Plaintiff Jimenez Works has filed for copyright registration in the Copyrighted Sculptural Work, Copyright Application Case No. 1-5550472161, with a print-out of the copyright registration application data shown in Exhibit G to this Complaint. Exhibit F is a copy of the deposit copy provided to the U.S. Copyright Office for Copyright Application Case No. 1-5550472161.

51. Images of the Copyrighted In-Glove Photographic Work were made publicly available by October 23, 2015 by posting such images on the internet at https://www.instagram/fivetoolbaseballjewelry/, https://fivetool-baseball.com, and https://www.facebook.com/fivetoolbaseballjewelry/.

52. During the term of Plaintiff's copyright in the Copyrighted In-Glove Photographic Work, Defendants Otsuka and HoF reproduced, distributed and publicly displayed, at least at the website www.instagram.com/hof_jewelry in the United States, the glove, ball and baseball bat cross photo shown in Exhibit H to this Complaint ("Exhibit H infringing photo").

53. A side-by-side comparison of the Copyrighted In-Glove Photographic Work on the left and the Exhibit H infringing photo is shown below.



54. Prior to creation of the Exhibit H infringing photo, Defendants Otsuka and HoF had access to the Copyrighted In-Glove Photographic Work.

55. Defendants Otsuka and HoF continue to reproduce, distribute and publicly display the Exhibit H infringing photo.

56. During the term of Plaintiff's copyright in the Copyrighted In-Glove Photographic Work, Defendant Otsuka created derivative works of the Copyrighted In-Glove Photographic Work, including the Exhibit H infringing photo.

57. Upon information and belief, Defendant Otsuka's creation of derivative works occurred in the United States.

58. Defendants Otsuka and HoF have infringed and continue to infringe Plaintiff's copyright in the Copyrighted In-Glove Photographic Work by, *inter alia*, reproducing, distributing, publicly displaying images which copy the Copyrighted In-Glove Photographic Work, and by creating derivative works in the United States of the Copyrighted In-Glove Photographic Work, in violation of 17 U.S.C. §§106 and 501, including but not limited to the Exhibit H infringing photo.

59. Defendants Otsuka's and HoF's infringement of Plaintiff's copyright in the Copyrighted In-Glove Photographic Work has been willful, wanton, egregious, and with

disregard of Plaintiff Jimenez Works' copyright rights and will continue unabated unless enjoined by this Court.

60. Unless the future occurrence of these actions is enjoined, Plaintiff Jimenez Works will suffer irreparable injury for which there is no adequate remedy at law.

61. Plaintiff Jimenez Works is entitled to an award of the actual damages suffered by Plaintiff as a result of the infringement, and any profits of the Defendants that are attributable to the infringement and are not taken into account in computing the actual damages, under 17 USC § 504(b).

62. Plaintiff Jimenez Works is entitled to an award of its full costs and reasonable attorneys' fees under 17 USC § 505.

## COUNT IV – COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. 106 AND 501 OF ON-BALL PHOTOGRAPHIC WORK

Plaintiff Jimenez Works repeats and incorporates by reference the allegations of paragraphs 1-62 as though set forth fully and independently herein.

63. In or in about October of 2015, Adam Jimenez created the photographic work shown in Exhibit I to this Complaint, entitled "Glove, Ball and Baseball Bat Cross Picture"". ("Copyrighted On-Ball Photographic Work").

64. The Copyrighted On-Ball Photographic Work is an original work of expression under 17 U.S.C. 102(a)(5). Copyright protection existed in the Copyrighted On-Ball Photographic Work from the moment it was fixed in a tangible medium of expression.

65. By virtue of written assignments, first from the author Adam Jimenez to FiveBaseballJewelry, LLC, d/b/a Five Tool Baseball ("FiveTool"), and then from FiveTool to Plaintiff Jimenez Works, Plaintiff Jimenez Works is the owner of all right, title, and interest in the Copyrighted Sculptural Work.

66. Plaintiff Jimenez Works' copyright in the Copyrighted On-Ball Photographic Work is valid and subsisting and in full force and effect.

67. Plaintiff Jimenez Works has filed for copyright registration in the Copyrighted

Sculptural Work, Copyright Application Case No. 1-5553609611, with a print-out of the copyright registration application data shown in Exhibit J to this Complaint.  Exhibit I is a copy of the deposit copy provided to the U.S. Copyright Office for Copyright Application Case No. 1-5553609611.

67. Images of the Copyrighted On-Ball Photographic Work were made publicly available by October 15, 2015 by posting such images on the internet at https://www.instagram/fivetoolbaseballjewelry/, https://fivetool-baseball.com, and https://www.facebook.com/fivetoolbaseballjewelry/.

68. During the term of Plaintiff's copyright in the Copyrighted On-Ball Photographic Work, Defendants Otsuka and HoF reproduced, distributed and publicly displayed, at least at the website www.instagram.com/hof_jewelry in the United States, the ball and baseball bat cross photos shown in Exhibit K to this Complaint ("Exhibit K infringing photos").

69. A side-by-side comparison of the Copyrighted On-Ball Photographic Work on the left and the Exhibit K infringing photos is shown below.



70. Prior to creation of the Exhibit K infringing photos, Defendants Otsuka and HoF had access to the Copyrighted On-Ball Photographic Work.

71. Defendants Otsuka and HoF continue to reproduce, distribute and publicly display the Exhibit K infringing photos.

72. During the term of Plaintiff's copyright in the Copyrighted On-Ball Photographic Work, Defendant Otsuka created derivative works of the Copyrighted On-Ball Photographic Work, including the Exhibit K infringing photos.

73. Upon information and belief, Defendant Otsuka's creation of derivative works occurred in the United States.

74. Defendants Otsuka and HoF have infringed and continue to infringe Plaintiff's copyright in the Copyrighted On-Ball Photographic Work by, *inter alia*, reproducing, distributing, publicly displaying images which copy the Copyrighted On-Ball Photographic Work, and by creating derivative works in the United States of the Copyrighted On-Ball Photographic Work, in violation of 17 U.S.C. §§106 and 501, including but not limited to the Exhibit K infringing photos.

75. Defendants Otsuka's and HoF's infringement of Plaintiff's copyright in the Copyrighted On-Ball Photographic Work has been willful, wanton, egregious, and with disregard of Plaintiff Jimenez Works' copyright rights and will continue unabated unless enjoined by this Court.

76. Unless the future occurrence of these actions is enjoined, Plaintiff Jimenez Works will suffer irreparable injury for which there is no adequate remedy at law.

77. Plaintiff Jimenez Works is entitled to an award of the actual damages suffered by Plaintiff as a result of the infringement, and any profits of the Defendants that are attributable to the infringement and are not taken into account in computing the actual damages, under 17 USC § 504(b).

78. Plaintiff Jimenez Works is entitled to an award of its full costs and reasonable attorneys' fees under 17 USC § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jimenez Works respectfully requests that this Court grant judgment:

(a) that the '122 Patent is infringed by Defendants Otsuka and HoF;

(b) that Defendants Otsuka and HoF, and their agents, employees, officers,

-13-
COMPLAINT

servants, representatives, successors and assigns and others in active concert or in participation with Defendants, be permanently enjoined from making, using, selling, offering for sale or importing products which infringe the '122 Patent;

(c) that Plaintiff Jimenez Works be compensated for the damages caused by Defendants' infringement under 35 U.S.C. §284, in an amount to be determined by an accounting, but not less than a reasonable royalty, plus interest;

(d) that the award of damages be trebled as provided for by 35 U.S.C. §284 for willful infringement;

(e) that Plaintiff Jimenez Works' copyright in the Copyrighted Sculptural Work is infringed by Defendants Otsuka and HoF;

(f) that Defendants Otsuka and HoF, and their agents, employees, officers, servants, representatives, successors and assigns and others in active concert or in participation with Defendants, be permanently enjoined from reproducing, distributing, publicly displaying or creating derivative works of the Copyrighted Sculptural Work;

(g) that all of Defendant Otsuka and HoF's copies and derivative works of the Copyrighted Sculptural Work, and all molds and other means of making such copies and derivative works in possession of Defendants Otsuka or HoF, be delivered up and impounded;

(h) that Plaintiff Jimenez Works' copyright in the Copyrighted In-Glove Photographic Work is infringed by Defendants Otsuka and HoF;

(i) that Defendants Otsuka and HoF, and their agents, employees, officers, servants, representatives, successors and assigns and others in active concert or in participation with Defendants, be permanently enjoined from reproducing, distributing,

publicly displaying or creating derivative works of the Copyrighted In-Glove Photographic Work;

(j) that all of Defendant Otsuka and HoF's copies and derivative works of the Copyrighted In-Glove Photographic Work, and all digital image files, negatives and other means of making such copies and derivative works in possession of Defendants Otsuka or HoF, be delivered up and impounded;

(k) that Plaintiff Jimenez Works' copyright in the Copyrighted On-Ball Photographic Work is infringed by Defendants Otsuka and HoF;

(l) that Defendants Otsuka and HoF, and their agents, employees, officers, servants, representatives, successors and assigns and others in active concert or in participation with Defendants, be permanently enjoined from reproducing, distributing, publicly displaying or creating derivative works of the Copyrighted On-Ball Photographic Work;

(m) that all of Defendant Otsuka and HoF's copies and derivative works of the Copyrighted On-Ball Photographic Work, and all digital image files, negatives and other means of making such copies and derivative works in possession of Defendants Otsuka or HoF, be delivered up and impounded;

(n) that Plaintiff Jimenez Works be compensated for the damages caused and profits obtained by Defendants' infringement under 17 U.S.C. §504, in an amount to be determined by an accounting, plus interest;

(o) that Plaintiff Jimenez Works be awarded its costs and attorneys' fees incurred in prosecuting this action, as provided for by 35 U.S.C. §285 and/or by 17 U.S.C. §505, plus interest; and

(p) any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff Jimenez Works hereby demands a jury trial on all issues so triable.

BERGESON LLP

Dated: July 12, 2017                By: /s/ John D. Pernick
                                        John D. Pernick
                                        Attorney for Plaintiff Jimenez Works, L.L.C.